Benjamin S. Akley (State Bar No. 278506)
bakley@pryorcashman.com
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

*Attorneys for Defendant*
BELLA PALAZZO MANAGEMENT, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUSTIN LARUE BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>BELLA PALAZZO MANAGEMENT, LLC.,<br><br>Defendant. | Case No. 2:25-cv-00565-DDP-PD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[[Proposed] Order filed concurrently]<br><br>Date: June 23, 2025<br>Time: 10:00 am<br>Courtroom: 9C |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 23, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9C of the courthouse located at 350 W 1st Street, Los Angeles, California 90012, Defendant Bella Palazzo Management, LLC ("BPM") will and hereby does move the Court for an order dismissing the January 22, 2025 Complaint (the "Complaint") of Plaintiff Austin LaRue Baker ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim and 12(b)(7) for failure join an indispensable party.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, any reply memorandum, all other pleadings and orders entered in this action, and such other matters as may be presented at or before the hearing.

This Motion is made following conference of counsel pursuant to L.R. 7-3, which took place by telephone on April 23, 2025 and was continued by email on April 24, 2025 and May 16, 2025.

Respectfully submitted on May 23, 2025

                                             **PRYOR CASHMAN LLP**

                                             By:   */s/ Benjamin S. Akley*
                                                       Benjamin S. Akley
                                                       bakley@pryorcashman.com

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion should be granted, and the Complaint should be dismissed, because, among other things, the Complaint fails to allege plausible facts supporting Plaintiff's requested relief—indeed, Plaintiff's own allegations are internally inconsistent and nonsensical in a manner that fatally undermines and belies Plaintiff's claim(s). This motion also should also be granted because Plaintiff has failed to join an indispensable party or parties.

### I.   ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges the following in the Complaint:

- In 2021, "Plaintiff created thirty-nine (39) photographs of the real property located at 2729 West Dolores Road, Phoenix, AZ 85086 (the "Delores Property")." The photographs are collectively referred to herein as the "Work[s]". (Complaint at ¶14).
- The "photographs were commissioned and licensed to Defendant upon completion for use in listings of real properties directly listed by Defendant." (*Id*. at 11).
- In July 2022, "Jill Anderson (a realtor unaffiliated with Defendant) reached out to Plaintiff to license the Work in connection with an intended listing for sale of the Delores Property." (*Id*. at ¶22).
- In connection therewith, "Plaintiff issued an invoice to Ms. Anderson which she paid." (*Id*. at ¶23).
- A few days "later, Ms. Anderson notified Plaintiff that the homeowner (Courtney Roberts) could not sell the home and would need to wait another year to do so." Ms. Anderson requested a refund which Plaintiff provided. (*Id*. at 24).
- In February 2024, "Plaintiff discovered that the Delores Property was listed for sale and that the listing associated with such was utilizing each photograph comprising the Work." (*Id*. at ¶25).

- Upon such discovery, "Plaintiff contacted Ms. Anderson (the listing agent) who informed Plaintiff that Mr. Roberts (the homeowner) stated that, after the aforementioned refund, Mr. Roberts had paid Plaintiff approximately $1,000.00 to purchase the photographs comprising the Work." (*Id*. at ¶26).
- Plaintiff, "… has never sold or licensed the Work to Mr. Roberts (or anyone other than Defendant). (*Id*. at ¶27).
- In May 2024, Defendant's principal Ms. Van Zee supposedly confirmed to Plaintiff that Defendant had transferred/sold the photographs comprising the Work to Mr. Roberts in connection with his listing for sale of the Delores Property (at a time when Mr. Roberts was apparently no longer using Defendant for property management services). At the time, Ms. Van Zee "apologize[d] for [Mr. Roberts/Ms. Anderson] utilizing the images without approval." (*Id*. at ¶28).

## II.     ARGUMENT

### A.     Plaintiff's Complaint Fails To State A Plausible Claim For Relief Against BPM

To survive a motion to dismiss made under FRCP 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility <u>when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.</u>" *Id.* (emphasis added). To survive a motion to dismiss, the factual allegations in a plaintiff's complaint must sufficiently cross the line from merely "conceivable" to a level "plausibly suggesting" that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Notably, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). A court need not feel constrained to accept as truth "conflicting pleadings that make no

sense, or that would render a claim incoherent," or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice. *Scotten v. First Horizon Home Loan Corp.*, 2012 WL 3277104, at n.1 (E.D. Cal. Aug. 9, 2012); *see also Jin Hee Park v. CitiMortgage, Inc.*, 2014 WL 12589669 (C.D. Cal. Nov. 3, 2014). Moreover, a court may not assume "the [plaintiff] can prove facts that [her or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983).

Here, Plaintiff's Complaint presents the Court with two, contradictory stories resulting in the allegedly unauthorized distribution of Plaintiffs' Works on the internet.

In Plaintiff's first version of events (which is cogent and makes sense), Plaintiff admits he provided the Works to realtor Ms. Anderson pursuant to a paid license (which was later refunded and retracted) and that Ms. Anderson, with the permission of homeowner Mr. Roberts, then published the Works on the internet as part of a listing for the sale of the Dolores Property. (*See* Complaint at ¶22-26).

In Plaintiff's second, alternative version of events (which is inconsistent with the foregoing and makes no sense), Plaintiff alleges that he "never sold or licensed the Works to Mr. Roberts (or anyone other than Defendant)" and that Ms. Van Zee, the principal of Defendant BPM, "confirmed to Plaintiff that Defendant had transferred/sold the [Works] to Mr. Roberts in connection with his listing for sale of the Delores Property" when she "apologize[d] for [Mr. Roberts/Ms. Anderson] utilizing the images without approval." (Complaint at ¶¶27-28).

It is only via the second version of events above that Plaintiff is able to concoct some sort of theory of liability as to BPM. However, the second version also requires the Court to: (i) disregard Plaintiff's own immediately preceding allegations in the Complaint; (ii) believe that BPM was the only party with access to the Works (even though Plaintiff acknowledges that he gave the Works to Ms. Anderson); (iii) ignore

Mr. Roberts' and Ms. Anderson's admissions that they were responsible for distributing the Works; (iv) construe Ms. Van Zee's "apology" for Mr. Robert's and Ms. Anderson's distribution of the Works as evidencing some sort of permission for them to do so; and (v) hold BPM responsible for distribution of the Works in connection with a real estate listing with which BPM is not even alleged to have had any involvement.

Simply put, Plaintiff's second story—which, again, is the only version of events that even involves, much less implicates any sort of liability for, BPM—is implausible and cannot support any viable claim against BPM.

On the other hand, Plaintiff's own preceding allegations provide a perfectly plausible (indeed, probable) explanation of exactly how the Works ended up on the internet, which has nothing at all to do with BPM: Ms. Anderson obtained the Works from Plaintiff, Mr. Roberts initially deferred but ultimately decided to sell the Delores Property, and Ms. Anderson then published the Works on her real estate listing, ostensibly with Mr. Roberts' blessing. None of it has anything to do with BPM. Accordingly, Plaintiff fails to state a plausible claim for relief against BPM, and on that basis alone the Complaint must be dismissed.[1]

### B. Plaintiff's Complaint Fails To Join A Required Party

Separately, but related to the above, Plaintiff's Complaint also fails and should

---

[1] To the extent Plaintiff is alternatively attempting to state some sort of secondary copyright infringement claim against BPM (*see* Complaint at ¶41), that claim is neither properly stated under FRCP 8 (which requires "a short and plain statement of the claim showing that the pleader is entitled to relief"), nor would it make sense, since Plaintiff does not (and cannot show) how BPM either benefitted from or authorized, had any control over, or had any connection at all to Ms. Anderson's and/or Mr. Roberts's distribution of the Works on the internet. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) ("[T]o succeed in imposing vicarious liability, a plaintiff must establish that the defendant exercises the *requisite control* over the direct infringer and that the defendant derives a *direct financial benefit* from the direct infringement" (*emphasis added*)); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.").

be dismissed because it fails to join either or both of Ms. Anderson and Mr. Roberts—the two persons who admittedly (per Plaintiff's own allegations) are actually responsible for the distribution of the Works.

FRCP 12(b)(7) permits a motion to dismiss for "failure to join a party under Rule 19," and FRCP 19 states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> 
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> 
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> 
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Courts considering the application of FRCP 12(b)(7) and 19 consider four factors relevant to whether a matter should proceed or be dismissed for failure to join the absent person, including:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be

adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Schnabel v. Lui*, 302 F.3d 1023, 1029-30 (9th Cir. 2002). A "court may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment." *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 657 (S.D. Cal. 2018) (citing 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1359 (3d ed. 2018)).

Here again, Plaintiff's own allegations show that it was Ms. Anderson and Mr. Roberts who were responsible for distributing the Works (allegedly without Plaintiff's authorization). This has nothing to do with BPM and it is inexplicable and improper that Plaintiff did not name Ms. Anderson and/or Mr. Roberts as a defendant in this action.

Initially, Ms. Anderson and/or Mr. Roberts will be inherently prejudiced by any judgment rendered against BPM in their absence, since any such judgment would necessarily be based on a finding that Ms. Anderson and/or Mr. Roberts directly infringed Plaintiff's Works by distributing them on the internet. Likewise, and for the same reason, no judgment against BPM can be adequate in Ms. Anderson's and/or Mr. Robert's absence.

On the other hand, Plaintiff will have a more than adequate course of action if this action that Plaintiff nonsensically commenced against BPM is dismissed for non-joinder: Plaintiff can simply commence a new action against Ms. Anderson and/or Mr. Roberts (i.e. the people that actually purportedly distributed the Works). *See* FRCP 15(c) ("An amendment to a pleading relates back to the date of the original pleading when: . . . the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known

that the action would have been brought against it, but for a mistake concerning the property party's identity.")

All of the above is self-evident from the allegations in Plaintiff's own Complaint (as explained above). On top of that, Mr. Roberts has already sworn, under penalty of perjury in a declaration that Plaintiff received before commencing this action, that BPM did not provide Mr. Roberts with the Works, thus disproving the only allegation that (nonsensically and inconsistently, as set forth above) even ostensibly implicated BPM's involvement in any of this. (*See* Declaration of Courtney Roberts, attached hereto as Exhibit 1).

Furthermore, although Plaintiff presently has decided (for whatever reason) that he doesn't want to sue Ms. Anderson and/or Mr. Robert's for their role in the alleged infringement, Plaintiff may change his mind, and Ms. Anderson's and/or Mr. Robert's absence from this action creates a risk of future conflicting judgments. For example, if BPM secures a judgment finding it did not transfer the Works to Mr. Roberts, Ms. Anderson could later claim and seek to prove that BPM did transfer the photos, obtaining a contrary judgment.

Accordingly, Ms. Anderson and Mr. Roberts are indispensable parties to this action and the Complaint also should be dismissed pursuant to FRCP 12(b)(7).

### III.   CONCLUSION

For the foregoing reasons, BPM respectfully requests that the Court dismiss the Complaint and this entire action with prejudice and grant BPM such other and further relief as may be just and proper.

Dated: May 23, 2025

**PRYOR CASHMAN LLP**

By: */s/ Benjamin S. Akley*
Benjamin S. Akley
bakley@pryorcashman.com

*Attorneys for Defendant*

8

# EXHIBIT 1

**DECLARATION OF COURTNEY ROBERTS**

I, Courtney Roberts, being under oath, hereby state on my personal knowledge as follows:

1. My name is Courney Roberts, I am over eighteen years of age, and I am competent to testify to the matters stated in this Declaration.

2. I am the sole member of the LLC that owns the property at 2729 Dolores Rd, Phoenix, AZ 85086 (the "Property").

3. On or about September 2021, I hired Bella Palazzo Management, LLC ("Bella") to provide short-term rental management services for the Property. As a part of Bella's onboarding process, on or about September 2021, it hired Austin LaRue Photography LLC to take pictures of the Property, so Bella could advertise the Property on its website as a short-term rental.

4. Bella then invoiced me on or about September 2021, and I subsequently paid Bella for the photographs.

5. I have never received the 38 photographs of the Property from Bella or Margie Van Zee, nor have I ever had possession of the photographs. I have never published, shared, or re-produced any of these photographs or given anyone permission to do so as I have never been given or taken ownership of the photographs in question.

/ / /

/ / /

1   I declare the foregoing is true and correct under penalty of perjury.

2

3   12/11/2024                                               *signature*
                                                             Courtney Roberts (Dec 11, 2024 00:10 PST)

4   Date                                                     Courtney Roberts



2

# 12-5-24 Declaration of Courtney Roberts

Final Audit Report 2024-12-11

| | |
|---|---|
| Created: | 2024-12-05 |
| By: | Alana Maaele (alana.maaele@providentlawyers.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjH5dllxDfiSWZnVCzaJ_ZVWCX5QGgT0C |

## "12-5-24 Declaration of Courtney Roberts" History

- Document created by Alana Maaele (alana.maaele@providentlawyers.com)
  2024-12-05 - 6:57:34 PM GMT

- Document emailed to Courtney Roberts (courtroberts@icloud.com) for signature
  2024-12-05 - 6:57:38 PM GMT

- Email viewed by Courtney Roberts (courtroberts@icloud.com)
  2024-12-11 - 8:03:50 AM GMT

- Document e-signed by Courtney Roberts (courtroberts@icloud.com)
  Signature Date: 2024-12-11 - 8:10:30 AM GMT - Time Source: server

- Agreement completed.
  2024-12-11 - 8:10:30 AM GMT

Adobe Acrobat Sign