1   Benjamin S. Akley (State Bar No. 278506)
2   *bakley@pryorcashman.com*
    **PRYOR CASHMAN LLP**
3   1901 Avenue of the Stars, Suite 900
    Los Angeles, California 90067
4   Telephone: (310) 683-6900
    Facsimile: (310) 943-3397

5

6   *Attorneys for Defendant*
    BELLA PALAZZO MANAGEMENT, LLC.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                                          )   Case No. 2:25-cv-00565-FLA-PD
                                            )
11  AUSTIN LARUE BAKER,                     )
                                            )
12                                          )   **REPLY MEMORANDUM OF POINTS
                                            )   AND AUTHORITIES IN FURTHER
13                Plaintiff,                )   SUPPORT OF MOTION TO DISMISS**
                                            )
14        vs.                               )
                                            )
15  BELLA PALAZZO                           )   Date: June 27, 2025
    MANAGEMENT, LLC.,                       )   Time: 1:30 pm
16                                          )   Courtroom: 6B
                                            )
17                Defendant.                )
                                            )
18                                          )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21  _____)

22

23

24

25

26

27

28

---

REPLY IN SUPPORT OF MOTION TO DISMISS

1    **REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    DISMISSAL FOR FAILURE TO STATE A CLAIM**

3    Plaintiff's entire opposition to BPM's motion to dismiss for failure to state a

4    claim hinges on his dictating that the Court "must accept" the unsupported, unpleaded,

5    nonsensical fantasy that Mr. Roberts paid BPM $1,000 to obtain the Works so that Ms.

6    Anderson could post them on the internet in connection with the sale of the Delores

7    Property.  (Opposition at 6).  Plaintiff states that the law <u>requires</u> the Court to ignore

8    Plaintiff's own contradictory allegations—including that Ms. Anderson already had

9    copies of the Works pursuant to a transaction with Plaintiff in 2022 (Complaint at ¶22),

10    and that "Mr. Roberts had paid Plaintiff $1,000 to purchase the works" (Complaint at

11    ¶26)— and even goes so far as to insist that "[t]here is ***nothing*** implausible about

12    Plaintiff's allegations or stated claim."  (Opposition at 6 (emphasis maintained)).  But

13    merely insisting on something (even in bold italics) does not make it so. As detailed in

14    BPM's moving brief, Plaintiff's own Complaint conclusively demonstrates that BPM

15    had nothing to do with posting the Works on the internet or distributing the works to

16    Mr. Roberts or Ms. Anderson.  Thus, BPM's motion to dismiss is well founded and

17    meritorious, and, as set forth below, Plaintiff's arguments in opposition to the motion

18    all fail.

19    First, again, it bears repeating that, notwithstanding Plaintiff's admonition

20    otherwise, the court is <u>not</u> "required to accept as true allegations that are merely

21    conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

22    *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial

23    plausibility when the plaintiff pleads factual content that allows the court to draw the

24    <u>reasonable</u> inference that the defendant is liable for the misconduct alleged." *Ashcroft*

25    *v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). To survive a motion to dismiss,

26    the factual allegations in a plaintiff's complaint must sufficiently cross the line from

27    merely "conceivable" to a level "plausibly suggesting" that the plaintiff is entitled to

28

1    relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). And, importantly, a court

2    need not feel constrained to accept as truth "conflicting pleadings that make no sense,

3    or that would render a claim incoherent." *Scotten v. First Horizon Home Loan Corp.*,

4    2012 WL 3277104, at n.1 (E.D. Cal. Aug. 9, 2012).

5        Plaintiff submits in his opposition that the Complaint adequately and plausibly

6    "alleges that Defendant distributed copies of the Work for commercial use to third-party

7    owners and/or realtors without Plaintiff's permission" because it states that Mr. Roberts

8    "paid someone $1,000.00 for the photographs" and that Ms. Van Zee "confirmed" that

9    BPM "transferred/sold" the Works to Mr. Roberts by "apologiz[ing] for [Mr.

10   Roberts/Ms. Anderson] utilizing the images without approval." Plaintiff's theory fails

11   for multiple reasons.

12       First, Mr. Roberts's alleged statement that he purchased the Works from <u>Plaintiff</u>

13   obviously does not support the opposite inference that Mr. Roberts purchased the Works

14   from BPM. While Plaintiff may deny that he ever "sold or licensed the Work[s] to Mr.

15   Roberts (or anyone other than Defendant)" (Complaint ¶27), the Complaint also

16   demonstrates that at least Ms. Anderson (who ultimately posted the Works on the

17   internet) (Complaint ¶¶25-26)) also had copies of the Works pursuant to the transaction

18   in 2022 (Complaint ¶¶22-24). In any event, disregarding Plaintiff's conclusory

19   speculation, the only actual fact alleged in the Complaint regarding where Mr.

20   Roberts/Ms. Anderson got the Works is that they got them directly from Plaintiff.

21   (Complaint ¶26).[1]

22       Second, Ms. Van Zee's supposed "apology" "for [Mr. Roberts/Ms. Anderson]

23   utilizing the images without approval" does not constitute "confirmation" that Mr.

24   Roberts obtained the Works from BPM.  Indeed, even if Plaintiff's paragraph 28 is

25   assumed true, Ms. Van Zee was explicitly <u>not</u> apologizing on her own behalf but rather,

26

27   [1] Notably, Plaintiff's opposition confirms that Ms. Anderson did, in fact, obtain copies

28   of the Works during the 2022 transaction.  (Opposition at 6).

1  per Plaintiff's own allegation, was apologizing "<u>for</u>" conduct by "Mr. Roberts/Ms.

2  Anderson." Thus, even setting aside that Plaintiff offers no explanation for how the

3  alleged "apology" constitutes "confirmation" of anything, to the extent it was it

4  confirmed only that "Mr. Roberts/Ms. Anderson"—but <u>not</u> BPM—"utilized" the

5  Works.[2]

6      Ultimately, Plaintiff's allegation that Ms. Van Zee "confirmed" that BPM

7  infringed on Plaintiff's copyright is a bare legal conclusion which cannot survive a

8  motion to dismiss. Not only does Plaintiff fail to allege facts that support the inference

9  that the BPM admitted to infringement, Plaintiff actually alleges facts to the contrary.

10 Again, Plaintiff's entire theory of liability requires the Court assume an implausible

11 series of events supported by unreasonable inferences and contradicted by Plaintiff's

12 own allegations. Thus, BPM's motion to dismiss for failure to state a claim should be

13 granted.

14 **II.    DISMISSAL FOR FAILURE TO JOIN A NECESSARY PARTY.**

15     As stated in BPM's motion, FRCP 19 states that "[a] person who is subject to

16 service of process and whose joinder will not deprive the court of subject-matter

17 jurisdiction must be joined as a party if: (i) as a practical matter impair or impede the

18 person's ability to protect the interest; or (ii) leave an existing party subject to a

19 substantial risk of incurring double, multiple, or otherwise inconsistent obligations

20 because of the interest."

21     This suit hinges on who transferred the Works to Mr. Roberts, who allegedly then

22 transferred the Works to Ms. Anderson (who admittedly already had the Works), who

23 then posted the Works on the internet. Plaintiff's theory of liability against BPM

24 requires that he prove that BPM transferred the Works to Mr. Roberts, who has already

25 sworn that he did not receive the Works from BPM. If the Court were to find Plaintiff

26

27 [2] Indeed, in allegedly making her apology Ms. Van Zee arguably was speaking as an
28 agent (i.e. property manager) on behalf of her principal Mr. Roberts (property owner).

3

1    (rather than BPM) transferred the Works to Mr. Roberts (either directly or via Ms.

2    Anderson, who was ultimately responsible for posting the works on the internet), Mr.

3    Roberts's ability to defend a copyright suit from Plaintiff would be significantly

4    impaired. There also is a risk of conflicting judgments because a different court may

5    find Mr. Roberts did not receive the Works from Plaintiff. Therefore, because a ruling

6    in this case could prejudice Mr. Roberts legal interests and creates a risk of conflicting

7    judgments, Mr. Roberts is an indispensable party.

8        Likewise, if BPM proves it did not transfer the Works to Mr. Roberts, Ms.

9    Anderson's defense that she received the Works from Mr. Roberts, will be significantly

10   impaired. It will also create a risk of conflicting judgments because a subsequent court

11   may find Ms. Anderson did receive the Works from Mr. Roberts. Therefore, because a

12   ruling in this case could prejudice Ms. Anderson's legal interests and creates a risk of

13   conflicting judgments, Ms. Anderson is an indispensable party.

14       Plaintiff's objection, that Ms. Anderson and Mr. Roberts are not indispensable

15   parties because damages for copyright infringement are joint and several, does not

16   resolve the prejudice to their legal interests, nor does it resolve the risk of subsequent

17   conflicting judgments. Therefore, BPM's motion also should be granted, and the case

18   should be dismissed, for failure to join a necessary party.

19   **III.    CONCLUSION**

20       For the foregoing reasons, BPM respectfully requests that the Court dismiss the

21   Complaint and this entire action with prejudice and grant BPM such other and further

22   relief as may be just and proper.

23

24

25

26

27

28

4

1

Dated: June 9, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRYOR CASHMAN LLP**

By:    */s/ Benjamin S. Akley*

Benjamin S. Akley
*bakley@pryorcashman.com*

*Attorneys for Defendant*

5